GONZÁLEZ, PLAINTIFF AND APPELLANT, *v.* GODREAU ET AL., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of Guayama in an Action for the Legal Redemption of Community Property.

No. 1091.—Decided July 13, 1914.

REDEMPTION OF COMMUNITY PROPERTY—SUBROGATION OF REDEEMER.—An allegation of the complaint that the same is filed with the object of subrogating the plaintiff to the purchaser is sufficient to show that the redeemer is disposed to be subrogated to the purchaser in the same conditions of the contract.

ID.—TENDER OF PURCHASE PRICE AND EXPENSES.—There is no provision of law requiring the redeeming co-owner to make a prior tender to the purchaser of the purchase price and other expenses referred to in section 1431 of the Civil Code before exercising his right of redemption before the court, hence such allegation need not be set up in the complaint.

ID.—DEPOSIT OF PURCHASE PRICE—COMPLAINT.—In an action for legal redemption of community property a complaint which alleges that the redeemer has deposited the purchase price in the court having jurisdiction of the action, is sufficient.

The facts are stated in the opinion.

*Mr. Tomás Bernardini de la Huerta* for the appellant.

*Mr. José C. Ramos* for the respondents.

MR. JUSTICE ALDREY delivered the opinion of the court.

Manuel González y Martínez brought an action in the District Court of Guayama against Guillermo Godreau and his wife for legal redemption in joint-ownership. The complaint was demurred to on the ground that it did not state facts sufficient to constitute a cause of action, and the court sustained the demurrer and rendered judgment dismissing the complaint, from which judgment the present appeal was taken.

All the questions raised in this appeal as to whether it is necessary to deposit the purchase price of the property to be redeemed, as well as the manner in which such deposit should be made, were considered and decided by us on the 9th instant in the case of *Isaac González Martínez* v. *Acha et al.*, in which we said:

"We understand that the deposit should be made by paying the amount of the purchase price into the court having jurisdiction of the case, for only in this manner can compliance be given to the provision of that law (section 1619) that the court shall order the delivery of the amount deposited to the public depository designated for that purpose. This provision of law is sufficiently clear to show the manner in which the deposit should be made, therefore the sections of the Civil Code governing deposits in cases in which it is necessary to make them in order to produce the effects of payment are not applicable to the deposit required in actions for redemption, nor is it necessary in said actions to tender the amount before bringing the action, for the law which exacts the deposit does not so require."

In the present action the plaintiff deposited in the District Court of Guayama the amount of the purchase price of the property sought to be redeemed at the time he filed the

complaint, and the only distinct question in the present case is that the respondents maintain that the complaint does not state facts sufficient to constitute a cause of action and that the judgment appealed from should be affirmed, because, as it is necessary that every complaint should allege the existence of a right and its infringement by the defendant in order that the court may grant the proper remedy, it should have been alleged that the plaintiff tendered to the defendants the purchase price and the other expenses referred to in section 1421 of the Civil Code within the nine days allowed by the statute for the redemption and that the defendants refused to accept the same. Furthermore, the respondents contend that the complaint should have alleged that the plaintiff is willing to substitute the purchasers under the same conditions of the contract.

As to this last contention we may say that the respondent has overlooked the fact that the plaintiff alleged the following in his complaint: "* * * and as the law confers upon the plaintiff the right of redemption in order to be subrogated to the purchaser, the present action is brought for that purpose * * *." These words constitute the requisite to which the respondents refer.

In regard to the first point, we will say that the statute contains no provision requiring the joint-owner who seeks to redeem the property sold to tender to the purchaser the purchase price and the other expenses referred to in the code in order to bring an action to enforce his right of redemption. The right to redeem the joint-interest sold to a third person does not arise because the vendee may have refused to accept the tender of the purchase price to him by the redeemer but from the fact that the sale was made to a third person. To accept the theory of the respondents, the right to bring an action for legal redemption would arise when the purchaser refused to receive the purchase price and not, as provided

in section 1427 of the Civil Code, from the time when the sale was recorded in the registry of property, or, if not recorded, from the time the redeemer may have had knowledge of the sale. On the other hand, the time allowed by the statute for exercising the right of redemption is so short that it would not be possible in many instances to locate the purchaser for the purpose of tendering him the purchase price and to bring the action within nine days. Such allegation, then, is not necessary and consequently the fact that it is not made does not render the complaint demurrable.

In view of the foregoing and of our decision in the case cited herein, we must hold that the complaint is sufficient and that the lower court erred in dismissing the same. Therefore, the judgment of the lower court must be reversed and the case remanded for further proceedings.

> *Judgment reversed and case remanded for further proceedings in accordance with this opinion.*

Justices Wolf and del Toro concurred.

Chief Justice Hernández and Justice Hutchison took no part in the decision of this case.